J. Scott Miller, ISBA #4497
Law Offices of J. Scott Miller, PLLC
201 W. North River Drive, Suite 500
Spokane, WA 99201
509.327.5591
Fax: 509.328.6436
jscottmiller@jscottmiller.com
Attorney for Stephanie Levin (Plaintiff)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF IDAHO

STEPHANIE LEVIN a/k/a Stephanie
Goodwin a/k/a Stephanie Goodwin
Jones, a married person

              Plaintiff,

    vs.

METROPOLITAN LIFE
INSURANCE COMPANY, a
corporation; CONTINENTAL
INSURANCE COMPANY, a
corporation; CRUTCHFIELD
CONSTRUCTION COMPANY, INC.,
a corporation; and DONNIE RAY
CARR, an individual,

              Defendants.

**CASE NO:**

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

COMES NOW PLAINTIFF, Stephanie Levin, by and through her

attorney of record, J. Scott Miller, and for causes of action against the

Defendants, hereby alleges, affirms and complains as follows:

**Complaint for Damages- 1**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 1

## I.  PARTIES

1.1     Plaintiff, Stephanie Levin, is and was at times relevant to this action a resident of Canyon County, State of Idaho.

1.2     Defendant, Metropolitan Life Insurance Company ("MetLife"), is and was, at all times relevant hereto, a foreign corporation, and is duly licensed to do business in the State of Idaho.

1.3     Defendant, Continental Insurance Company now known as CNA ("Continental"), is and was, at all times relevant hereto, a foreign corporation, and is duly licensed to do business in the State of Idaho and the State of California.

1.4     Defendant, Crutchfield Construction Company, Inc. ("Crutchfield") was, upon all information and belief, a foreign corporation.

1.5     Defendant, Donnie Ray Carr, ("Carr") is and was, upon all information and belief, a resident of the State of California.

## II.  JURISDICTION & VENUE

2.1     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332,.

2.2     Venue is proper pursuant to 28 U.S.C. §1391(b).

**Complaint for Damages 2**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 2

### III. FACTS

3.1     On February 26, 1992, an Order was entered in San Joaquin, California, Superior Court (the "Order"), specifying the settlement agreement reached on behalf of Plaintiff, at that time a minor, in a wrongful death suit arising from the death of Plaintiff's mother. (*See* Exhibit 1). This constitutes a judgment for all relevant purposes as herein described.

3.2     The Order specified that the defendants in that case, Carr and Crutchfield, were to purchase a structured settlement annuity which was to fund the agreed settlement.  The annuity was purchased as required by the court's Order and Continental became liable for the above referenced settlement.

3.3     The court's Order required that the annuity pay Anna Jones, Plaintiff's adoptive guardian, a sum of $150.00 a month commencing March 1, 1992 and ending on the date Plaintiff reached the age of majority.

3.4     The court's Order also required that the annuity pay Plaintiff directly, and no one else, as follows:

  3.4.1  Payments in the amount of $15,000 on April 17 for each of the years of 2004, 2005, 2006, and 2007 ($60,000.00 total).

**Complaint for Damages-3**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 3

3.4.2  Payments in the amount of $157,650.00 on April 17 for each of

the years of 2011, 2014, and 2016 ($472,950.00 total).

3.5     Pursuant to the written instructions dated 01/29/1992 issued by

Defendant Continental (on behalf of its insured policy holders, Crutchfield,

and Carr) MetLife agreed by written contract to pay the annuity benefits

owed to Plaintiff, as annuitant, pursuant to the Order and underlying

judgment.

3.6     Defendant Continental Insurance Company issued written instructions

to Defendant MetLife including section III that provides as follows:

> "Direction of Payments – Payee – Until Further Notice, You
> Are Requested to make Annuity Checks Payable To: Payments
> commencing on 03/01/1992 thru 4/16/2004 payable to Anna
> Jones, guardian & Trustee of Stephanie Goodwin Jones.
> Payments Commencing on 04/17/2004 and beyond are payable
> to Stephanie Goodwin Jones."

Those same instructions included Section IV that provides as follows:

> "Payable to Anna Joes, Guardian of Stephanie Goodwin Jones,
> Commencing on 03/01/1992, $150.00 per month payable for 12
> years, 02 months. Payable to: Stephanie Goodwin Jones
> Commencing on 04/17/2004, $15,000.00 per year payable for
> 04 years guaranteed. Guaranteed payments of $157,650 paid on
> 04/17/2011, $157,650 paid on 04/17/2014, $157,650 paid on
> 04/17/2016."

No subsequent revisions, amendments, or changes were made to the

annuity instructions.

**Complaint for Damages 4**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 4

3.7     Defendants, and each of them, as provider of the annuity, and/or as specified by the court's Order and underlying judgment, and/or as provided under contract, individually and collectively, were required to pay Plaintiff $15,000 on April 17 for the years of 2004, 2005, 2006, and 2007. Defendants, and each of them, unreasonably, intentionally and/or negligently failed or refused to pay Plaintiff as required by the court's Order and the underlying judgment.

3.8     Plaintiff, as well as Plaintiff's counsel, contacted MetLife on numerous occasions, through letters and by phone, specifying MetLife's error and grounds for liability.  These communications, and each of them, constitute notice for payment pursuant to Idaho Code § 12-120, Idaho Code § 12-121, Idaho Code § 12-123, and Idaho Code § 41-1839.

3.9     Despite being aware of its clear error and grounds for liability, MetLife in bad faith has failed and/or refused to pay, and continues to refuse to pay, Plaintiff the sums due to her pursuant to the court's Order and the insurance contract of indemnity. (*See* Exhibit 1).  Such refusals have occurred in the past and without this Court's intervention will occur in the future.

///

**Complaint for Damages- 5**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 5

///

## IV.  CAUSES OF ACTION

**4.1     First Cause of Action – Breach of Contract**

4.1.1  Plaintiff reasserts and re-alleges paragraphs 1.1 through 3.9 and incorporates the same herein.

4.1.2  Plaintiff has standing to bring this suit for breach of contract as intended and described beneficiary of the annuity issued in settlement of the wrongful death litigation, pursuant to Idaho Law (Idaho Code §29-102).

4.1.2  Defendant MetLife disregarded written instructions provided by Defendant Continental (on behalf its insureds/defendants ).

4.1.3  The wrongful acts and omissions of the Defendants, and each of them, constitute breach of contract for which the Plaintiff is entitled to damages.  Under the terms of the contract, Defendants were required to pay Plaintiff in the past and in the future as described herein.  Defendants failed and refused to make any payments to the Plaintiff which is a bad faith material breach of the Defendants' clear unambiguous duty and obligation under the contract.

4.1.4  As a result of Defendants' breach, Plaintiff is entitled to specific performance of the insurance annuity contract including but not

**Complaint for Damages- 6**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 6

limited to all past payments owed in an amount equal to no less than

$60,000, plus interest thereon at the highest lawful rate pursuant to Idaho

Law (Idaho Code §28-22-104).

4.1.5  As a result of Defendants' breach, Plaintiff is also entitled to

the full amount of all future payments pursuant to I.C. § 6-1602.

**4.2     Second Cause of Action – Insurer's of Bad Faith**

4.2.1  Plaintiff reasserts and re-alleges paragraphs 1.1 through 3.9 and

incorporates the same herein.

4.2.2  The wrongful acts and omissions of the Defendant constitute

Bad Faith, a tort recognized in the State of Idaho which entitles Plaintiff to

damages in tort, beyond and in addition to that which Plaintiff is entitled to

for breach of contract, including punitive damages.

4.2.3  Defendants' payment of benefits to Plaintiff were required and

determined pursuant to a settlement agreement naming Plaintiff as a

beneficiary.  Payments rendered under the settlement agreement by

Defendant insurance providers are contractual, ascertainable, and based

upon determinable risk contingencies within the determination of Idaho

Code § 41-102.

**Complaint for Damages- 7**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*
COMPLAINT FOR
DAMAGES - 7

**4.3     Third Cause of Action – Defendant's Actions Constitute an Unfair Claims Practice**

4.3.1   Plaintiff reasserts and re-alleges paragraphs 1.1 through 3.9 and incorporates the same herein.

4.3.2   Defendant's acts and omissions constitute violations of Idaho Law (including but not limited to Idaho Code § 41-1329) as Plaintiff's claim is not fairly debatable.  Under the terms of the contract, Defendants are clearly and unambiguously obligated to pay the Plaintiff sums which she has never received.  The payment amounts and dates are plain, unambiguous and predetermined.

4.3.3   Defendant's violations of Idaho Law are evidence of bad faith and entitle the Plaintiff to the recovery of damages in tort above and beyond those allowable for breach of contract and in addition to damages for the tort of Bad Faith.

**4.4     Fourth Cause of Action – Award of Attorney's Fees**

4.4.1   Plaintiff reasserts and re-alleges paragraphs 1.1 through 3.9 and incorporates the same herein.

Complaint for Damages- 8

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 8

4.4.2  By statutory and contract provision, Plaintiff is entitled to and

shall be provided payment of all reasonable attorney's fees and costs

incurred specifically as provided by Idaho Code § 41-1329, § 12-120, § 12-

121, § 12-123, § 6-1602, and other related provisions, and the common law.

Plaintiff is entitled to judgment for damages and for both statutory and

reasonable attorneys' fees and for actual as well as statutory and actual costs.

### V.  DAMAGES

As a direct and proximate result of Defendants' actions and/or

inactions as described herein, Plaintiff has suffered and continues to suffer

economic and non-economic injuries and other damages in amounts to be

proven at time of trial.

### VI.  JURY DEMAND

Plaintiff requests this matter be tried by a jury.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief and prays that he

be awarded damages against Defendant as follows:

1.      Any and all actual and statutory damages as allowed by law;

**Complaint for Damages- 9**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 9

2.    For all attorney's fees incurred in this litigation, both reasonable and statutory, in amount no less than $20,000 if judgment be entered by default, or for such greater amounts as the Court deems just and equitable if contested;

3.    For general damages in an amount to be proven at time of trial, and  which exceed $70,000;

4.    For damages pursuant to I.C. § 6-1604 in the full amount allowed at law;

5.    For interest as allowed by common and statutory law including but not limited to Idaho Code § 28-22-104;

6.    For injunctive and other equitable relief in the form of a Court Order  preventing Defendants from paying annuity entitlements to any person or entity not authorized to receive such payments pursuant to the Order identified at ¶ 3.1 herein;

7.    For judgment for all amounts Defendants have been obligated to pay Plaintiff commencing April 17, 2004 as identified in ¶ 3.4.1 herein and through the present, together with interest thereon at the highest lawful rate;

**Complaint for Damages- 10**

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 10

8.      For judgment for all amounts Defendants are obligated to pay
        in the future as identified in ¶3.4.2 herein together with interest
        thereon at the maximum rate;

9.      For an order requiring specific performance of the contracts
        identified herein; and

10.     For such other general and equitable relief as the court deems
        reasonable and appropriate.

DATED:   December 15, 2010.

                                LAW OFFICES OF J. SCOTT MILLER, PLLC

                                By s/J. Scott Miller
                                    J. SCOTT MILLER, ISBA #4497
                                    Attorneys for Plaintiff

Complaint for Damages- 11

*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA  99201*
*(509) 327-5591*

COMPLAINT FOR
DAMAGES - 11

Levin v. Metlife

Complaint for Damages

EXHIBIT 1

```
 1  CONRAD M. CORBETT                          FILED
    Attorney at Law
 2  450 Sansome St., Suite 1310           1992 FEB 26  AM 8 56
    San Francisco, CA 94111
 3  Telephone:  (415) 392-2037           JEANNE MILLSAPS, CLERK
                                          BY  Terry Costa
 4  Attorneys for Plaintiff                      DEPUTY

 5

 6

 7

 8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9                     FOR THE SAN JOAQUIN

10

11  STEPHANIE GOODWIN, a Minor, by   )
    and through her Guardian Ad      )    ACTION NO. 224944
12  Litem, ANNA JONES,               )
                                     )    ORDER APPROVING
13            Plaintiff,             )    COMPROMISE OF MINOR'S
                                     )    CLAIM
14       v.                          )
                                     )    HEARING DATE: 2/26/92
15  CRUTCHFIELD CONSTRUCTION         )    HEARING TIME: 8:30 A.M.
    COMPANY, INC., et al.,           )    DEPARTMENT: 3
16                                   )
            Defendant.               )
17  _____ )
```

18       The Petition of ANNA JONES, hereinafter called "Petitioner,"

19  for approval of proposed compromise of the claim of STEPHANIE

20  GOODWIN, a Minor, [now known as STEPHANIE GOODWIN JONES] against

21  Defendants DONNIE RAY CARR and CRUTCHFIELD CONSTRUCTION COMPANY,

22  INC., hereinafter called "Payors," came on regularly to be heard

23  on February 26, 1992, in Department No. 3    , the Honorable

24  James P. Darrah, presiding, Conrad M. Corbett, Esq.

25  appearing as attorney for said Petitioner.

26       Upon evidence being introduced, the Court finds the facts set

27  forth in the Verified Petition of Petitioner are true and that it

28  is in the best interest of the Minor that said claim be

COMPLAINT FOR
DAMAGES - 13

1  compromised and settled for the amounts and in the manner of

2  payment as hereinafter stated.

3      IT IS THEREFORE ORDERED:

4      (1)  That said compromise be and is hereby approved in the

5  manner and in the form of payments as hereinafter provided, and

6  that the Payor shall be fully and forever released and discharged

7  of and from all claims, charges and demands of said Minor arising

8  from the accident described in the supporting Petition;

9      (2)  Payors shall disburse the proceeds of the settlement

10 hereby approved in the following manner:

11      (a)  By one check or draft drawn payable to the order of

12 Petitioner as Guardian Ad Litem of STEPHANIE GOODWIN JONES, a

13 Minor, and her attorney, Conrad M. Corbett, Esq., in the sum of

14 $59,568.15 and that said Petitioner and counsel shall upon the

15 issuance of this Order forthwith make payment from said above

16 proceeds as follows:

17      (b)  Attorney fees and costs which are hereby fixed and

18 allowed to Conrad M. Corbett, Esq. and authorized in the sum of

19 $46,810.59 as attorney fees and $12,757.56 as costs.

20      (3)  That Defendants DONNIE RAY CARR and CRUTCHFIELD

21 CONSTRUCTION COMPANY, INC. shall purchase and pay for an annuity

22 which is to fund the agreed structured settlement as described in

23 the Petition as follows:

24      (a)  $150.00 per month to Petitioner ANNA JONES as

25 Guardian and Trustee of STEPHANIE GOODWIN JONES, a Minor, to be

26 used exclusively for the health, welfare and maintenance of

27 STEPHANIE GOODWIN JONES, commencing March 1, 1992 and payment

28 ending on the date Minor reaches the age of majority.

COMPLAINT FOR
DAMAGES - 14

1        (b)  TO STEPHANIE GOODWIN, now known as STEPHANIE

2  GOODWIN JONES, in cash in the following amounts on the following

3  dates:  Said Minor was born ▮▮▮▮▮▮▮▮▮▮▮  Said guaranteed lump

4  sum payments therefore shall be paid as follows:

5  GUARANTEED PAYMENTS:

6      Payment on 4/17/04 in the amount of $15,000.00 [age 18]

7      Payment on 4/17/05 in the amount of $15,000.00 [age 19]

8      Payment on 4/17/06 in the amount of $15,000.00 [age 20]

9      Payment on 4/17/07 in the amount of $15,000.00 [age 21]

10     Payment on 4/17/11 in the amount of $157,650.00 [age 25]

11     Payment on 4/17/14 in the amount of $157,650.00 [age 28]

12     Payment on 4/17/16 in the amount of $160,150.00 [age 30].

13    (4)  Upon issuance of this Order, Petitioner is hereby

14  authorized and directed to execute and deliver to said Defendants

15  a full, complete and final Release and discharge of and from any

16  and all claims and demands of said Minor by reason of the accident

17  described in said Petition and of the resultant injuries and

18  damages to said Minor.

19  DATED:  _Feb 26, 1997_ _____ _James P. Darrah_

                         JUDGE OF THE SUPERIOR COURT

COMPLAINT FOR
DAMAGES - 15

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

224944  STEPHANIE GOODWIN JONES (ND)          02/26/92   08:30 AM  HON JAMES P DARRAH
        CRUTCHFIELD CONSTRUCTION CO, E       CLERK : TRUBY C. CLARK      RPTR : AURORA J. ZAPP
MINOR'S COMPROMISE                            BAILIFF : R. Orozco

                                              (P)  CONRAD A CORBETT
                                          NP (D)  KROLOFF, BELCHER, SMART, PERRY ET AL
                                             (D)  BORTON, PETRINI & CONRON

*Present : Anna Jones*

### SIGNED ORDER TO COUNSEL                              (Underline counsel present)

Nature of proceedings: **COMPROMISE CLAIM OF MINOR**      Action No. _____      Receipt No. _____

☑ Petitioner duly sworn and testified.              ☐ Minor duly sworn and testified.

☐ Witness(es) sworn and testified:  *This compromise brings the case to a close.*

☐ Petitioner's exhibits:

**IT IS ORDERED THAT:**

☑ Minor's Compromise is approved for $ *200,000*

☑ Petitioner's attorney granted $ *46,810.59*  as and for attorney fees.

☑ Plus legal costs in the sum of $ *12,757.56*

☐ Medical expenses in the sum of $ _____ be paid.

☐ Balance of $ _____ to be deposited in _____
  at _____, subject to withdrawal only upon the order of the Court.

☐ Balance of $ _____ to be delivered to _____
  for the use of the minor.

☑ Other: *Defts. to make an immediate cash payment of $59,568.15, structured future payments to petr., as Guardian, Trustee, in amount of $150 per month, beg. 3-1-92, payable for 12 yrs. + two month, for health, wfg. & maintenance of minor, until she reaches age of minority, structured future payments to minor as follows :*
*4-17-04  $15,000 (age 18)   4-17-07  $15,000 (21)   4-17-16  $160,150*
*4-17-05  $15,000 (19)        4-17-11  $157,650 (25)*

COMPLAINT FOR
DAMAGES - 16